```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF KENTUCKY
                            AT PADUCAH
```

CIVIL ACTION NO.  5:11CV-201-R
_____

UNITED STATES OF AMERICA                                    PLAINTIFF

vs.                     C O M P L A I N T

CHERYL MARIE HICKS                                          DEFENDANTS
261 West Grove Drive
Murray, KY  42071

SAMUEL LEE CHADWICK, SPOUSE OF
CHERYL MARIE HICKS
261 West Grove Drive
Murray, KY  42071

DISCOVER FINANCIAL SERVICES, INC.
SERVE:  Ernest V. Thomas, III, Esq.
Thomas & Thomas Attorneys at Law
2323 Park Avenue
Cincinnati, OH  45206
and
SERVE: CT Corporation system
306 W. Main Street, Suite 512
Frankfort, KY 40601

MIDLAND FUNDING, LLC
SERVE:  Kathryn Hogan, Attorney
Morgan & Pottinger, P.S.C.
204 East Market Street
Louisville, KY  40202
and
SERVE: CSC-Lawyers Incorporating Service
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833


     Comes the plaintiff, the United States of America, by and through its counsel, the United States Attorney for the Western District of Kentucky and for its Complaint and cause of action against the defendant states as follows:

     1.  This action is brought by the United States of America on behalf of its agency, Department of Agriculture, Rural Housing Service

("RHS") a/k/a Rural Development ("RD") f/k/a Farmers Home Administration ("FmHA"), pursuant to 28 U.S.C. § 1345.

2. On March 15, 1995, defendant, Cheryl Marie Hicks, ("Defendant") for value received, executed and delivered to FmHA a Promissory Note (the "Note") in the principal amount of $58,850.00, bearing interest at the rate of 8.75 percent per annum. Beginning September 15, 1995, principal and interest were payable in monthly installments of $447.00, due on the 15th of each month until March 15, 2033, at which time the final installment of the outstanding principal and interest was due and payable. A copy of the Note is attached hereto marked Exhibit A, and is hereby incorporated by reference as if set forth at length herein.

3. Contemporaneously with the execution of the Note and to secure its payment, defendant, Cheryl Marie Hicks, executed, acknowledged and delivered to FmHA a Real Estate Mortgage (the "Mortgage") which was recorded on March 15, 1995, in Mortgage Book 212, Page 325, in the Office of the Clerk of Calloway County, Kentucky. In and by the Mortgage, defendant, Cheryl Marie Hicks, granted a first mortgage lien to FmHA against the therein-described property (the "Property") located in Calloway County, Kentucky. A copy of the Mortgage is attached hereto marked Exhibit B and is hereby incorporated by reference as if set forth at length herein.

4. To further secure the Note, defendant, Cheryl Marie Hicks, executed and delivered to FmHA a Subsidy Repayment Agreement acknowledging the right of FmHA to recapture, upon transfer of title or non-occupancy of the Property, any interest credits granted to her

by FmHA.  A copy of the Subsidy Repayment Agreement is attached hereto marked Exhibit C and is hereby incorporated by reference as if set forth at length herein.

    5.  Upon information and belief, the plaintiff states that on or about June 8, 2005, Samuel Lee Chadwick and defendant, Cheryl Marie Hicks, filed for Chapter 7 bankruptcy relief.  They were discharged in bankruptcy on September 20, 2005, and no personal judgment is sought.

    6.  Defendant, Cheryl Marie Hicks, made payments of principal and interest on the Note from time to time, but failed to make the principal and interest payments due in accordance with the terms and conditions of the Note and Mortgage and is therefore in default.

    7.  Paragraph (17) of the Mortgage provides that if default occurs in the performance or discharge of any obligation of the Mortgage, then the United States shall have the right to accelerate and declare the entire amount of all unpaid principal together with all accrued interest as being immediately due and payable and to bring an action to enforce the Mortgage, including the foreclosure of the lien thereof.  Because of the defaults of the mortgage account of defendant, Cheryl Marie Hicks, as set forth in paragraph 6 above, RHS has served upon said defendant a Notice of Acceleration of Indebtedness and Demand for Payment declaring the entire indebtedness due under the Note and Mortgage to be immediately due and payable.

    8.  The unpaid principal balance on the Note is $53,184.65 with accrued interest of $4,628.16, escrow of $692.55 and fees of $985.69, through November 1, 2011.  Interest credits were granted in the amount of $33,422.88 for a total unpaid balance of $92,913.93.  Interest is

accruing on the unpaid principal balance at the rate of $12.9758 per day after November 1, 2011.

    9.   The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's lien thereon.

    10.   The defendant, Samuel Lee Chadwick, spouse of Cheryl Marie Hicks, is vested with a curtesy interest in the Property by virtue of his status as the spouse of Cheryl Marie Hicks, which said curtesy interest is junior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS.  RHS is entitled to a foreclosure sale of the Property free and clear of any interest therein or claim thereon in favor of the defendant, Samuel Lee Chadwick, and the plaintiff calls upon him to come forth and assert his claim or interest in the Property, and offer proof thereof, or be forever barred.

    11.   The defendant, Discover Financial Services, Inc. may claim an interest in the Property by virtue of judgment lien against the defendant, Cheryl Marie Hicks, in the principal amount of $2,597.32, recorded on February 9, 2004 in Book 531, Page 474 in the Calloway County Clerk's Office, a copy of which is attached hereto marked Exhibit D.  The interest of Discover Financial Services, Inc. is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the plaintiff calls upon this defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

    12.   The defendant, Midland Funding, LLC, may claim an interest in the Property by virtue of a judgment lien against the defendant,

Cheryl Marie Hicks, in the principal amount of $591.88, recorded on February 15, 2011 in Book 866, Page 286 in the Calloway County Clerk's Office, a copy of which is attached hereto marked Exhibit E.  The interest of Midland Funding, LLC is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the plaintiff calls upon this defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

    13.   There are no other persons or entities purporting to have an interest in the Property known to the plaintiff.

    WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

    a.   Judgment against the interests of the Defendant, Cheryl Marie Hicks, in the Property in the principal amount of $53,184.65, plus interest in the amount of $4,628.16, escrow of $692.55 and fees of $985.69, as of November 1, 2011, and $33,422.88 interest credits for a total unpaid balance due of $92,913.93 as of November 1, 2011, with interest accruing at the daily rate of $12.9758 from November 1, 2011, until the date of entry of Judgment, and interest thereafter according to law, plus costs, disbursements and expenses;

    b.   That RHS be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes; that RHS's lien be enforced and the Property be sold in accordance with Title 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record, liens for any city, state, county, or school

ad valorem taxes which may be due and payable at the time of sale; and that the proceeds from the sale be applied first to the costs of this action, second to the debt, interest, costs and fees due RHS, with the balance remaining to be distributed to the parties as their liens or interests may appear;

    c.  That the Property be adjudged indivisible and be sold as a whole;

    d.  That the defendants be required to Answer and set up their liens, claims or interests in and to the Property, if any, or be forever barred, and that the foreclosure sale of the Property be free and clear of all such liens, claims and interests;

    e.  Any and all other lawful relief to which plaintiff may appear properly entitled herein.

                              UNITED STATES OF AMERICA

                              DAVID J. HALE
                              United States Attorney

                              s/Michael F. Spalding
                              Michael F. Spalding
                              Assistant U. S. Attorney
                              510 W. Broadway, 10th Floor
                              Louisville, KY 40202
                              Phone: 502/625-7073
                              Mike.spalding@usdoj.gov